# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40566**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Juston D. BEYER**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 February 2025

———————————

*Military Judge*: Matthew P. Stoffel.

*Sentence*: Sentence adjudged 8 September 2023 by GCM convened at Holloman Air Force Base, New Mexico. Sentence entered by military judge on 13 October 2023: Dishonorable discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major Trevor N. Ward, USAF; Catherine M. Cherkasky, Esquire.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow; Major Brittany M. Speirs, USAF; Captain Morgan L. Brewington, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of sexual assault without consent, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 920.[*] The members sentenced Appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant requested that the convening authority defer the adjudged reduction in rank, adjudged forfeitures, and automatic forfeitures. The convening authority denied Appellant's requests and took no action on the findings or the sentence.

Appellant raises two issues on appeal, which we have reworded: (1) whether the military judge erred by permitting testimony in response to court members' questions relating to whether a condom was used during the charged incident but "denied" Appellant from admitting evidence that the alleged victim and Appellant had a history of engaging in consensual sexual intercourse without a condom; and (2) whether trial defense counsel were ineffective by not confronting the alleged victim about her initial report to her sister that she "froze" and then "acted like she was into the sex" during the sexual encounter that formed the basis of the charged incident.

The record does not support Appellant's first raised issue. While discussing trial defense's counsel's objection to the court members' questions, the military judge did not preclude Appellant from offering evidence that the alleged victim and Appellant had a history of engaging in consensual sexual intercourse without a condom. Rather, the military judge expressly invited the Defense to offer additional evidence on the topic, saying, "[I]f you believe this opens the door to other evidence you can raise it at the appropriate time." Trial defense counsel did not attempt to offer such evidence. This allegation of error is without merit.

We have carefully considered issue (2) and find that it does not require discussion or relief. *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[*] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).